UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHARLES B. GILL, SR.,

    Plaintiff,

v.            Case No. 17-cv-873-pp

HEIDI MICHEL, J. MEKASH,
BRENT MEYERS, and IAN HIGGINS,

    Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE/WITHDRAW DKT. NOS. 31 AND 32 (DKT. NO. 39) AND DEEMING WITHDRAWN PLAINTIFF'S MOTION TO SUPPLEMENT CLAIM (DKT. NO. 31) AND MOTION TO SUPPLEMENT AND ATTACH EVIDENTIARY DOCUMENTS (DKT. NO. 32), DENYING PLAINTIFF'S MOTION TO COMPEL (DKT. NO. 36), GRANTING PLAINTIFF'S MOTION TO SUPPLEMENT EVIDENTIARY DOCUMENTS (DKT. NO. 40) AND DENYING PLAINTIFF'S MOTION TO COMPEL (DKT. NO. 41)**

---

  The plaintiff is a Wisconsin state prisoner representing himself. On June 15, 2018, the court screened the complaint and permitted him to proceed on a claim that the defendants violated his First Amendment right to freely exercise his religion based on allegations that they prevented him from praying correctly for ten days while he was confined at the Brown County Jail. Dkt. No. 14 at 7. The court also allowed the plaintiff to proceed on a Fourteenth Amendment equal protection claim based on allegations that the defendants discriminated against him because of his faith. Id. at 7-8. The plaintiff has filed a motion to supplement claim, dkt. no. 31, a motion to supplement and attach evidentiary documents, dkt. no. 32, two motions to compel, dkt. nos. 36 and 41, a motion

1

to strike, dkt. no. 39, and a motion to attach evidentiary documents, dkt. no. 40.

## I. Motion to Strike, dkt. no. 39

In his motion to strike, the plaintiff requests that the court "strike from the record" his motion to supplement claim, dkt. no. 31, and his motion to supplement and attach evidentiary documents, dkt. no. 32. Dkt. No. 39. The court does not "strike" motions from the docket—whatever a person files remains in the docket. The court construes the plaintiff's request as a request that the court deem the two motions withdrawn; the court will grant that request.

## 2. Motions to Compel, dkt. nos. 36, 41

On October 17, 2018, the plaintiff filed a motion to compel. Dkt. No. 36. He asked that the court compel the defendants to provide requests for admissions from defendant Heidi Michel and pictures of cell 205, which the defendants allegedly failed to produce on October 12, 2018. Id. at 1. On October 23, 2018, the plaintiff filed another motion to compel. Dkt. No. 41. In this motion, the plaintiff asked that the court compel the defendants to provide the "May 2017 and June 2017 inmate roster of Bravo Pod at Brown County Jail." Id. at 1.

The defendants filed a joint response to the plaintiff's motions. Dkt. No. 44. They contend that the court should deny the first motion because they provided the plaintiff with the requested discovery. Id. at 1. The defendants provided the admissions on October 12, 2018, and they mailed the cell

photographs to the plaintiff on November 7, 2018. Because the defendants have provided this discovery to the plaintiff, the court will deny the plaintiff's October 17, 2018 motion to compel.

Regarding the second motion to compel, the defendants contend that the court should deny the motion because the plaintiff failed to include a written certification that he had conferred or attempted to confer with the defendants before seeking court intervention. Id. at 3. The defendants state that if the plaintiff had corresponded with them about this discovery request, they probably would have been able to resolve the issue. Id. at 4.

This court's Local Rules state:

> All motions to compel disclosure or discovery pursuant to Fed. R. Civ. P. 26 through 37 must be accompanied by a written certification by the movant that, after the movant in good faith has conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action, the parties are unable to reach an accord. The statement must recite the date and time of the conference or conferences and the names of all parties participating in the conference or conferences.

Civil L.R. 37 (E.D. Wis.). The plaintiff may satisfy this requirement by writing a letter to defendants' lawyer and explaining the discovery issue. If the plaintiff does not receive a response from the lawyer within thirty days, or if the plaintiff and the defendants' lawyer cannot resolve their differences, then the plaintiff may file a motion to compel with the court.

The plaintiff has not complied with this rule. His motion to compel is premature and the court will deny it.

### 3. Motion to Supplement Evidentiary Documents, dkt. no. 40

The plaintiff has filed a motion to "attach evidentiary documents." Dkt. No. 40. He states that he wants to place two documents in the record that support his complaint allegations. Id. The first document appears to be page 7 from a book—the page heading that reads "Purification and Cleanliness—Tahaarah" is underlined. Dkt. No. 40-1 at 1. The second document appears to be from a publication and it contains information about "How to Perform Salah." Id. at 2. The defendants filed a response, stating that the plaintiff's motion effectively seeks to amend the complaint. They ask the court to deny the motion and order that the plaintiff must file a motion for leave to amend the complaint if he wants the court to consider this information. Dkt. No. 48 at 2.

The court will not order the plaintiff to file a motion to amend the complaint based on these filings. The plaintiff specifically states that he does not want to bring new allegations. The plaintiff filed the documents; they are now part of the record. The court advises the plaintiff that to the extent he wants to rely on these documents as evidence later in the case, he should authenticate them as described in the materials the court sent to the plaintiff on August 30, 2018, along with scheduling order.

The court **GRANTS** the plaintiff's motion to strike/withdraw Dkt. Nos. 31 & 32. Dkt. No. 39.

The court **DEEMS WITHDRAWN** the plaintiff's motion to supplement claim. Dkt. No. 31.

The court **DEEMS WITHDRAWN** the plaintiff's motion to supplement and attach evidentiary documents. Dkt. No. 32.

The court **DENIES** the plaintiff's motion to compel. Dkt. No. 36.

The court **GRANTS** the plaintiff's motion to supplement evidentiary documents. Dkt. No. 40.

The court **DENIES** the plaintiff's motion to compel. Dkt. No. 41.

Dated in Milwaukee, Wisconsin this 4th day of December, 2018.

          **BY THE COURT:**

          _____
          **HON. PAMELA PEPPER**
          **United States District Judge**