UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHARLES B. GILL, SR.,

                Plaintiff,

v.                                        Case No. 17-cv-873-pp

HEIDI MICHEL, J. MEKASH,
BRENT MEYER, and IAN HIGGINS,

                Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT (DKT. NO. 89)**

On September 16, 2019, the court granted the defendants' motion for summary judgment and dismissed the case.[1] Dkt. No. 87. The court entered judgment the same day. Dkt. No. 88. The plaintiff has filed a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). Dkt. No. 89. The court will deny the plaintiff's motion.

"Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." Obriecht v. Raemisch, 517 F.3d 489, 494 (7th Cir. 2008) (citing Sigsworth v. City of Aurora, 487 F.3d 506, 511-12 (7th Cir. 2007)). Whether to grant a motion to amend judgment "is entrusted to the sound judgment of the district court." In re Prince, 85 F.3d 314, 324 (7th Cir. 1996).

---

[1] The court also denied the plaintiff's motion for summary judgment and his motion to strike filings and/or motions. Dkt. No. 87.

1

The plaintiff's motion does not present any newly-discovered evidence. This means that, under Rule 59(e), he is entitled to relief only if he can demonstrate that the court's rulings constituted a manifest error of law. A "manifest error of law" "is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metro. Life Ins. Co., 224 F.2d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

The plaintiff's motion refers to page 26 of the court's summary judgment order, which addressed the defendants' qualified immunity defense. Dkt. No. 89 at 1. He contends that there are a "plethora of cases" supporting his position and he asks the court to find that these cases are previously well-established law requiring the defendants to provide an alternative method to allow him to pray outside of his cell. Id. at 2.

In its summary judgment order, the court determined that the plaintiff demonstrated that the defendants placed a substantial burden on his religious practice because they forced him to choose between not praying or violating a central tenet of his religious belief by praying in his cell (which contained a toilet). Dkt. No. 87 at 16-17. The court also determined that it could not conclude that the defendants had a legitimate penological justification for requiring the plaintiff to pray in his cell. Id. at 18-23. The court concluded, however, that the defendants were entitled to qualified immunity.

> In this case, the relevant question is whether the plaintiff had a
> clearly established constitutional right to pray outside of his cell in

2

the gym or dayroom when, based on his sincere religious belief, he could not pray in his cell. See Kemp [v. Liebel, 877 F.3d 346, 352-53 (7th Cir. 2017)] (right allegedly violated must be defined at the appropriate level of specificity and, outside of an obvious case, generalized Turner framework cannot create clearly established law).

Because the defendants have raised a qualified immunity defense, the plaintiff must show that it was clearly established in the law that prohibiting him from praying in the gym or dayroom, and requiring him to pray in his cell, violated the Free Exercise Clause. Mannoia v. Farrow, 476 F.3d 453, 457 (7th Cir. 2007); Alexander v. City of Milwaukee, 474 F.3d 437, 446 (7th Cir. 2007). The plaintiff must point to a Supreme Court case, a case from the Seventh Circuit or "a consensus of cases of persuasive authority such that a reasonable officer could not have believed that his actions were lawful." Wilson v. Layne, 526 U.S. 603, 617 (1999). Or, the plaintiff may show that "a general constitutional rule already identified [applies] with obvious clarity to the specific conduct in question, even though the very action in question has not previously been held unlawful." Michael C. v. Gresbach, 526 F.3d 1008, 1017 (7th Cir. 2008).

In Jackson, 726 F. Supp. 2d at 1003, the Islamic prisoner plaintiff raised a genuine issue of material fact regarding whether the prison's "no prayer" rule, which prevented him from praying at his prison job and resulted in his missing one or more of his five daily prayers, violated his rights under the Free Exercise Clause. But the court determined that the defendants were entitled to qualified immunity because the plaintiff pointed to no Supreme Court or Seventh Circuit precedent to show that the defendants should have known that they were acting unlawfully. Id. at 1003-04.

The plaintiff has cited no cases from the Supreme Court or the Seventh Circuit to show that the defendants should have known that they were acting unlawfully when they did not let him pray in the gym or dayroom for ten days, forcing him to pray in his cell near the toilet. The court has been unable to find case law from the Supreme Court or from this circuit to show that the defendants should have known that they violated the plaintiff's constitutional rights. While the court has identified two district court cases from other districts, those cases did not address head-on the situation in which a Muslim inmate had no alternative but to pray in his cell, and neither case is binding in Wisconsin. The evidence demonstrates that the defendants believed that they were accommodating the plaintiff—

3

>    Konrad had talked to Imams, had tried to get someone in to lead Islamic services and had asked whether prayer in the cell was acceptable. The plaintiff received a Halal meal and a prayer rug. Makesh suggested that the plaintiff block the toilet with something when he prayed. There is no indication that the defendants had reason to believe that they were violating the plaintiff's right to freely exercise his religion.
>
>    The defendants are entitled to qualified immunity. The court will deny the plaintiff's motion for summary judgment and grant the defendants' motion for summary judgment on the plaintiff's free exercise claim.

Dkt. No. 87 at 26-27.

In his motion to alter or amend judgment, the plaintiff cites to a number of cases, but none of them support his contention that it was clearly established in the law that prohibiting him from praying in the gym or dayroom, and requiring him to pray in his cell, violated the First Amendment's Free Exercise Clause. The plaintiff has not shown that the court's order granting the defendants' motion for summary judgment constituted a manifest error of law. Thus, the court will deny his motion to alter or amend judgment.

The court **DENIES** the plaintiff's motion alter or amend judgment. Dkt. No. 89.

Dated in Milwaukee, Wisconsin this 28th day of January, 2020.

>                    **BY THE COURT:**
>
>                    _____
>                    **HON. PAMELA PEPPER**
>                    **Chief United States District Judge**