UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHARLES B. GILL, SR.,

      Plaintiff,

v.             Case No. 17-cv-873-pp

HEIDI MICHEL, J. MEKASH,
BRENT MEYER, and IAN HIGGINS,

      Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT (DKT. NO. 94)**

On September 16, 2019, the court granted the defendants' motion for summary judgment and dismissed this case.[1] Dkt. No. 87. The court entered judgment the same day. Dkt. No. 88. The plaintiff filed a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e), dkt. no. 89, and the court denied that motion on January 28, 2020, dkt. no. 93. The plaintiff since has filed a motion for relief from judgment under Federal Rules of Civil Procedure 60(a), (b)(1), (b)(2), (b)(6) and (c). Dkt. No. 94. The court will deny the plaintiff's motion.

The plaintiff contends that the court erroneously determined that the defendants were entitled to qualified immunity on his First Amendment claim that the defendants prohibited him from praying outside of his cell. Dkt. No. 94 at 1-3. He cites to a 2006 case from the Southern District of Indiana, which he

---

[1] The court also denied the plaintiff's motion for summary judgment and his motion to strike filings and/or motions. Dkt. No. 87.

1

says supports his contention that it was clearly established that he had a constitutional right to pray outside of his cell in the absence of a legitimate penological justification requiring him to pray in his cell. Id. at 3. The plaintiff also contends that his First Amendment claim should have survived summary judgment because he sued the defendants in their official capacities, and qualified immunity applies to defendants only in their individual capacities. Id.

Rule 60(a) allows a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." The plaintiff does not assert that the court made a clerical mistake or a mistake arising from oversight or omission. The plaintiff asserts that the court erred in its legal analysis of his claim. Rule 60(a) does not apply.

Rule 60(b) allows a court to relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud . . . , misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

2

The plaintiff relies on sections (1), (2) and (6). Dkt. No. 94 at 1. Rule 60(b)(1) allows a court to remedy its own mistakes. Mendez v. Republic Bank, 725 F.3d 651, 660 (7th Cir. 2013). The plaintiff thinks that the court erred by dismissing the defendants at summary judgment because he sued them in their official capacities. The plaintiff did not proceed on a claim against the defendants in their official capacities. See Dkt. No. 14 at 7-8. At screening the court allowed the plaintiff to proceed on claims against the defendants in their *individual* capacities. See id.; see also Dkt. No. 87 at 9, 19. The court did not make a mistake, and it has no need to remedy one under Rule 60(b)(1).

Rule 60(b)(2) does not afford the plaintiff relief because he has not presented newly discovered evidence.

Rule 60(b)(6), which is the "any other reason" "catch-all category is limited to 'extraordinary circumstances . . . .'" Id. at 657 (quoting Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863-64 (1988)). The plaintiff has not identified any extraordinary circumstances requiring the court to reconsider its decision; he just doesn't think the court got it right.

In its order denying the plaintiff's motion to alter or amend judgment, the court revisited its decision that the defendants are entitled to qualified immunity. Dtk. No. 93. This motion is another attempt by the plaintiff to argue this same issue. His citation to Dixon v. Woodruff-Fibley, No. 1:04-cv-1374-DFH-VSS, 2006 WL 2644934 (S.D. Ind. Sept. 14, 2006), an unpublished district court case, does not demonstrate that it is clearly established in the law that prohibiting him from praying in the gym or dayroom, and requiring

3

him to pray in his cell, violated the First Amendment's Free Exercise Clause. Dixon, 2006 WL 2644934, at *4-5 (holding that Miami Correctional Facility employees "did not violate Dixon's First Amendment rights when they prohibited him from praying outside his cell" because prohibiting inmates from praying in common areas was "reasonably related to legitimate penological interests").

The court **DENIES** the plaintiff's motion for relief from judgment. Dkt. No. 94.

Dated in Milwaukee, Wisconsin this 1st day of June, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**