UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHARLES B. GILL, SR.,

                    Plaintiff,

          v.                                    Case No. 17-cv-873-pp
                                                Appeal No. 20-1999

HEIDI MICHEL, J. MEKASH,
BRENT MEYER, and IAN HIGGINS,

                    Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO APPEAL
WITHOUT PREPAYING FILING FEE (DKT. NO. 103)**

On September 16, 2019, the court dismissed this case. Dkt. No. 87. The plaintiff filed motion to alter or amend judgment, dkt. no. 89, which the court denied, dkt. no. 93. The plaintiff filed a motion for relief from judgment, dkt. no. 94, which the court denied, dkt. no. 98. On June 11, 2020, the plaintiff filed a notice of appeal. Dkt. No. 99. He also has filed a motion for leave to appeal without prepaying the appellate filing fee. Dkt. No. 103.

Under the Prison Litigation Reform Act, a prisoner must pay the applicable filing fees in full for a civil case. 28 U.S.C. §1915(b). If a prisoner does not have the money to pay the $505.00 appellate filing fee in advance, he can ask the court for permission to proceed without prepayment. For the court to consider such a request, the prisoner must complete a petition and affidavit and return it to the court, along with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. 28 U.S.C. §1915(a)(2). The court must assess an initial partial filing fee of twenty percent of the average monthly deposits to the plaintiff's prison account or average

1

monthly balance in the plaintiff's prison account for the six-month period immediately preceding the filing of the notice of appeal, whichever is greater. 28 U.S.C. §1915(b)(1).

After the prisoner pays the initial partial fee, he must make monthly payments of twenty percent of the preceding month's income until he pays the filing fee in full. 28 U.S.C. §1915(b)(2). The agency that has custody of the prisoner will collect the money and send payments to the court.

There are three grounds for denying a prisoner-appellant's request to proceed without prepaying the filing fee: the prisoner has not shown that he is indigent, the prisoner filed the appeal in bad faith or the prisoner has three strikes. See 28 U.S.C. §§1915(a)(2)-(3), (g).

Based on his prison trust account (Dkt. No. 104), the court finds that the plaintiff has established that he is indigent, and he has not accrued three strikes. That leaves only the question of whether the plaintiff filed this appeal in good faith.

If a court allowed a party to proceed without prepaying the filing fee in the district court, that party may proceed without prepaying the filing fee on appeal without further authorization, unless the district court certifies that the appeal is not taken in good faith or determines that the party is otherwise not entitled to proceed without prepaying the fee. Fed. R. App. P. 24(a). See also Celske v. Edwards, 164 F.3d 396, 398 (7th Cir. 1999) (". . . a plaintiff who . . . was allowed to proceed *in forma pauperis* in the district court retains his IFP status in the court of appeals unless there is a certification of bad faith.").

A district court should not apply an inappropriately high standard when making a good faith determination. Pate v. Stevens, 163 F.3d 437, 439 (7th Cir. 1998). An appeal taken in "good faith" is one that seeks review of any issue

2

that is not frivolous, meaning that it involves "legal points arguable on their merits." Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983) (quoting Anders v. California, 386 U.S. 738 (1967)); see also Coppedge v. United States, 369 U.S. 438, 445 (1962). On the other hand, an appeal taken in bad faith is one that is based on a frivolous claim, that is, a claim that no reasonable person could suppose has any merit. Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000).

The court sees no indication that the plaintiff did not take this appeal in good faith, and will grant his motion to proceed on appeal without prepaying the filing fee.

The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his notice of appeal. A review of this information reveals that the plaintiff must pay an initial partial filing fee of $27.30, as well as additional payments under 28 U.S.C. §1915(b)(2). Newlin v. Helman, 123 F.3d 429, 434 (7th Cir. 1997), rev'd on other grounds by, Walker v. O'Brien, 216 F.3d 626 (7th Cir. 2000) and Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000).

The court **GRANTS** the plaintiff's motion for leave to proceed on appeal without prepaying the filing fee. Dkt. No. 103.

The court **ORDERS** that by the end of the day on **August 7, 2020**, the plaintiff must forward to the Clerk of Court the sum of $27.30 as the initial partial filing fee for this appeal. If the clerk does not receive that amount by the end of the day on August 7, 2020, the court of appeals may dismiss the appeal. The plaintiff must identify the payment by the case name and number. The court will send a copy of this order to the officer in charge of the agency where the plaintiff is confined.

3

The court **ORDERS** that after the initial filing fee has been paid, the agency that has custody of the prisoner shall collect from his institution trust account the $477.70 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another institution—county, state or federal—the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will electronically provide a copy of this order to PLRA Attorney, United States Court of Appeals for the Seventh Circuit, through the court's electronic case filing system.

Dated in Milwaukee, Wisconsin this 9th day of July, 2020.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

4